IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:12-CV-339-TMH |
| | ) [WO] |
| ABC BOARD OF ALABAMA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Plaintiff, a county inmate, challenges the constitutionality of actions undertaken with respect to his arrest and imprisonment on criminal charges presently pending against him before the state courts of Pike County, Alabama. Plaintiff further complains that his bail amount is excessive. Named as defendants are the ABC Board of Alabama, the Troy Police Department, and the Pike County Sheriff's Department. Plaintiff requests damages. Upon review of the complaint, the court concludes that this case should be dismissed prior to service of process under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

Plaintiff is confined in the Pike County Jail on various criminal charges. He complains that Defendants have falsely charged him with a criminal offense(s) causing him to be illegally imprisoned. Plaintiff further complains that his bail amount is excessive. (*Doc. No. 1.*)

### A. The ABC Board

Plaintiff names the Alabama Alcoholic Beverage Control Board as a defendant. This state agency is not subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the nature of relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). In light of the foregoing, the court concludes that Plaintiff's claims against the Alabama Alcoholic Beverage Control Board are due to be dismissed. *Id.*

### B. The Troy Police Department and the Pike County Sheriff's Department

Plaintiff names the Troy Police Department and the Pike County Sheriff's Department as defendants. Neither the Troy Police Department nor the Pike County Sheriff's Department are legal entities subject to suit or liability under § 1983. *Cf. Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that Plaintiff's claims for relief lodged against these Defendants are subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *Id.*

### C. The Bail Claim

Even if Plaintiff named the proper defendant(s) to this cause of action, his complaint would still be subject to dismissal. With regard to Plaintiff's claim that his bail amount is excessive, the court notes that pursuant to the relevant Alabama Rules of Criminal Procedure, judges and magistrates of the state courts are responsible for and have authority to set and reduce bond/bail. *See* Ala.R.Crim.P., Rule 7.2. Judges, however, cannot be sued for money damages (the only relief Plaintiff seeks) for performing judicial acts, even when the acts result in unfairness and injustice to a litigant. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Harris v. Deveaux*, 780 F.2d 911, 914 (11th Cir. 1986). Thus, Plaintiff could not proceed in this action with his claim that he is being subjected to excessive bail in violation of the Eighth Amendment even if the proper defendant had been named. *See Clay v. Allen,* 242 F.3d 679, 682 (5th Cir. 2001) (judge absolutely immune from money damages on excessive bail claim). Furthermore, even if Plaintiff sought his release before trial instead of money damages on his excessive bail claim, the appropriate avenue of relief would be the filing of petition for a writ of habeas corpus after exhausting his state court remedies, not a suit under 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

### D. The False Imprisonment Claim

With regard to Plaintiff's complaint that he is falsely imprisoned on criminal charges pending before the state courts of Pike County, Alabama, because he is innocent of the charges lodged against him, such claim may not proceed in this § 1983 action. It appears

3

from a review of the instant complaint that the criminal charges about which Plaintiff complains are presently pending before the state courts.  Under the decision of the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied injunctive relief."  The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43.  In this case, Plaintiff has an adequate remedy at law because he may pursue all of his federal constitutional issues through the state court system.  *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985).  Plaintiff can vindicate his constitutional rights in the on-going state court proceedings.  Moreover, Plaintiff has not alleged the existence of any special circumstances which create a threat of irreparable harm.  The mere fact that he must endure state criminal prosecution fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45.  This court must, therefore, abstain from considering the merits of Plaintiff's challenge to his confinement.  In light of the foregoing, dismissal of Plaintiff's false imprisonment claim is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint against the Alabama Alcoholic Beverage Control Board, the Troy Police Department, and the Pike County Sheriff's Department be DISMISSED with

prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i);

2. Plaintiff's claim challenging the constitutionality of his bail amount be DISMISSED with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i);

3. Plaintiff's false imprisonment claim be DISMISSED without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii); and

4. This case be DISMISSED prior to service of process.

It is further

ORDERED that the parties may file any objections to the Recommendation on or before **May 3, 2012**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 18th day of April 2012.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE